UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------

UNITED STATES OF AMERICA,

      v.                                              06-CR-0400

ROBERT WALL,

                          Defendant.

---------------------------------

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant moves for bail pending the resolution of his motion filed pursuant to 28 U.S.C. § 2255.

A habeas petitioner should be granted bail only in unusual circumstances or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. Ostrer v. United States, 584 F.2d 594, 597 (2d Cir. 1978).

The petition asserts claims of: (1) ineffective assistance of counsel because of his attorney's alleged failure to file an appeal; (2) lack of jurisdiction because the indictment did not assert the file names of the specific images of the minor victims and counsel was ineffective for raising this issue; (3) ineffective assistance of counsel for moving to suppress certain evidence; (4) ineffective assistance of counsel for not being given the choice to allocute before the Court imposed sentence; (5) ineffective assistance of counsel failure to read and discuss the PSR with petitioner and associated claims; and (6) ineffective

assistance of counsel for advising petitioner that he would receive 10 years probation if he pled guilty.

Petitioner entered a guilty plea to a charge of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  In his plea agreement, Petitioner waived the right to appeal or collaterally attack his conviction and sentence in the event he received a sentence of 120 months or less.[1]  Moreover, in his plea agreement, Petitioner agreed that the statements made by him by signing the plea agreement "shall be admissible and useable against him . . .  in any subsequent . . . proceeding. . . ."

None of the asserted grounds for relief are likely to result in undoing his guilty plea or invalidating his sentence.  Petitioner fails to demonstrate unusual circumstances or extraordinary or exceptional circumstances that make the grant of bail necessary to make the habeas remedy effective.

Accordingly, Petitioner's motion for bail is DENIED.

IT IS SO ORDERED.

April 2, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Defendant was sentenced to a term of 120 months and 10 years of supervised release.