UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT WALL,

                           Petitioner,

     v.

                                                 06-CR-400

UNITED STATES OF AMERICA,

                           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        On March 15, 2007, Petitioner Robert Wall pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Petitioner now moves pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence.

        Petitioner argues that his counsel was ineffective for failing to: (1) appeal; (2) file a motion to suppress the fruits of warrantless search; (3) file a motion to dismiss the indictment; (4) discuss the addendum to the Pre-Sentence Report ("PSR") with Petitioner and object to the addendum; (5) file a motion to suppress allegedly coerced statements; (6) properly advise Petitioner that he would receive a term of incarceration (rather than a 10-year period of probation) if he pled guilty; and (7) object to Petitioner not being given an opportunity to address the court at sentencing. Petitioner also claims that he is actually innocent of the crime. Petitioner further alleges that: the Court lacked jurisdiction because the indictment did not name the victims of the crime; the forfeiture count is defective because it cites a subdivision of the forfeiture statute

that has been repealed; and that the Court erred in allowing the victim impact statement to be relevant to sentencing. Finally, Petitioner submits that his sentence constitutes cruel and unusual punishment in violation of the 8th Amendment.

## I.   WAIVER

In the plea agreement, Petitioner waived the right to appeal or collaterally attack any sentence of 120 months or less. Because Petitioner was sentenced to 120 months imprisonment, absent some exception, he has waived the right to file this petition. See Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."). Waivers are upheld provided they are given knowingly, voluntarily and competently. See United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir. 2007); Frederick, 308 F.3d at 195. However, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Thus, a waiver will not be enforced where there is an allegation of ineffective assistance of counsel in connection with negotiating or entering of the plea or waiver. Frederick, 308 F.3d at 195-96; United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001). Whether the waiver is enforceable "turns on 'whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself.'" U.S. v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting U.S. v. Vasquez, 194 F.3d 1321 (10th Cir. 1999)); see Hernandez, 242 F.3d at 113-14 ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of

counsel."); Jones v. U.S., 167 F.3d 1142, 1144-45 (7th Cir. 1999); U.S. v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); Davila v. U.S., 258 F.3d 448, 450-52 (6th Cir. 2001). Thus, "claims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver," Cockerham, 237 F.3d at 1184, "because . . . [they] relate[] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself." Cokerham, 237 F.3d at 1185 (citing Mason v. United States, 211 F.3d 1065, 1066 (7th Cir. 2000)).

Here, as discussed below, Petitioner may only raise the claims which go to whether he knowingly, voluntarily, and competently entered into the plea agreement. All other claims have been waived.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

A petitioner who claims ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice" by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 693-94 (1984). In applying this standard to guilty pleas, the petitioner must show that, "but for the counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has the burden of demonstrating that counsel failed to raise "significant and obvious issues" which if raised, would likely have been successful. Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir. 1994).

### a. FAILURE TO FILE AN APPEAL

Petitioner claims that his counsel, James Long, Esq., was ineffective for failing to file a direct appeal, despite the fact that Petitioner signed a plea agreement in which he waived the right to appeal a sentence over 120 months.

In <u>Campusano v. United States</u>, 442 F.3d 770 (2d Cir. 2006), the Second Circuit held that a petitioner may have been ineffectively assisted by counsel even where the petitioner expressly waived his right to appeal. There, the petitioner had signed a plea agreement in which he promised not to appeal his sentence "provided the sentence fell within a stipulated range of 108 to 135 months." <u>Id.</u> at 772. The district court had imposed a 108-month sentence, and counsel did not file a direct appeal. <u>Id.</u> The petitioner filed a Section 2255 motion alleging ineffective assistance of counsel, and claiming that he had timely requested his counsel to file a notice of appeal. <u>Id.</u> The Second Circuit remanded the case to the district court for an evidentiary hearing to "determine whether [petitioner] in fact instructed his attorney to file a notice of appeal. If [petitioner] did give such an instruction, he is to be allowed a direct appeal." <u>Id.</u> at 777.

Here, Wall alleges that Long failed to comply with his directive to file a notice of appeal. <u>See</u> Motion to Vacate at 1; <u>see also</u> Reply at 10. Further, Wall submitted three affidavits to the Court from people who claimed that they heard Wall timely ask his attorney to appeal. <u>See</u> Reply at 24-26. Long admits that Wall asked him to file an appeal, but claims that his request was not timely. <u>See</u> Affidavit of Attorney James Long, at ¶ 4. Therefore, this Court must conduct an evidentiary hearing to determine whether Wall timely instructed his attorney to file an appeal.

The Court must appoint counsel for a petitioner who qualifies for appointment of counsel under 18 U.S.C. § 3006A(g) whenever the Court determines that an evidentiary hearing is required to resolve an issue raised in a Section 2255 motion. See Rules Governing Section 2255 Cases in the United States District Courts Rule 8(c); see also Ocampo v. United States, 2006 WL 1686562, at *4 (N.D.N.Y. June 16, 2006). Magistrate Judge David Homer previously determined that Wall qualified for court-appointed counsel. Since Wall has been continuously incarcerated, it is doubtful that his financial situation has changed. See, e.g., Soto v. Walker, 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (McAvoy, S.J.). Therefore, the Clerk of the Court is directed to conditionally appoint counsel to represent Petitioner for purposes of this limited evidentiary hearing. However, to ensure that Wall has remained indigent during the course of this proceeding and is, therefore, eligible for appointed counsel, the Court directs Petitioner to complete, sign and return to this Court the attached *in forma pauperis* application. The Court will then review the application to confirm whether Wall is financially eligible for assigned counsel.

    **b.**    **COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS AN ALLEGEDLY WARRANTLESS SEARCH AND A CONFESSION**

Petitioner next claims that his counsel failed to file a motion to suppress an allegedly warrantless search and confession and that, had the evidence been suppressed, he would not have pled guilty. Attorney Long admits that he did not move to suppress any evidence. Affidavit of James E. Long, May 6, 2008, at ¶ 6.

To prevail on this claim, Petitioner must show: (1) that his attorney would have been successful had he sought suppression; and (2) that had the evidence

and/or confession been suppressed, that it was reasonably likely that Petitioner would have gone to trial rather than plead guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Attorneys are not required to file motions for which there is little basis of support. United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). "[N]ot every possible motion need be filed, but rather, only those having a solid foundation." United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir. 1987).

      Here, it is doubtful that a motion to suppress would have had a solid foundation. The F.B.I. were permitted into the home by Wall's mother (of which she was a resident). See Petitioner's Decl. at 1. Wall signed a consent to search. See Consent to Search, Dec. 10, 2003 and Statement of Robert Wall, Dec. 10, 2003. In that consent, Wall gave FBI Special Agent David C. Fallon permission to search his HP Pavillion computer and to access his Yahoo group account. Id. Although Petitioner claims that the law enforcement agents forced him to sign the consent to search, that is contrary to his sworn statements at the plea hearing that: (1) nobody threatened him with the use of force to induce him to plead guilty, see Plea at 9; (2) he discussed with his attorney, and understood, his chances if he decided to go to trial; "that is, chances of winning or losing, trial strategy and defenses," id at 5; (3) his attorney advised him of his rights in this case, id at 9; (4) he was satisfied with what his attorney had done for him, id; and (5) he was pleading guilty freely and voluntarily. Id. at 9-10.[1] His contention is also contrary to the statement of Agent Fallon who

---

[1] In the plea agreement, Wall admitted that he posted the images to the Yahoo group from his computer and that he gave law enforcement permission to search his computer. Plea Agreement, at 4.

denies that Wall was coerced.  It, thus, cannot be said that Attorney Long's conduct in failing to file a motion to suppress the results of the search was objectively unreasonable or that he was prejudiced thereby.

The Court will now turn to the issue of suppression of the confession. Whether a confession was voluntary depends on the totality of the circumstances surrounding that confession, including "both the characteristics of the accused and the details of the interrogation" that resulted in the confession. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).  Law-enforcement conduct is not coercive if a reasonable person would feel free to decline an officer's request, terminate the encounter, and refuse consent.  See United States v. Drayton, 536 U.S. 194, 204 (2002).   Here, Wall never told the FBI agents to leave.  The FBI never told Petitioner that he was not free to leave.  The agents did not draw their firearms.  Petitioner was never handcuffed.  See Id. at 205.  ("[T]he presence of a holstered firearm . . .  is unlikely to contribute to the coerciveness of the encounter").  In fact, Petitioner was not even arrested that day.  Beyond "yelling," Petitioner does not claim that he was physically or psychologically coerced into making any statements.  Also, Petitioner was questioned in his own home by plainclothes officers during an approximately 90 minute interview.  A reasonable attorney could have concluded that a motion to suppress the confession would not have succeeded.

Further, by promptly entering into the plea, Wall obtained the benefits of a reduced guidelines sentence based on the acceptance of responsibility and reductions pursuant to U.S.S.G. § 3E1.1(b) and § 3E1.1(a).  Wall further obtained the benefit of the government agreeing not to charge him with the more serious offense of the

advertising or transmission of child pornography, which charges included mandatory minimum sentences and longer maximum sentences. Thus, in light of the evidence against Wall (even assuming the interview and search of his computer were suppressed) and the possible sentence he could be facing, Attorney Long's advice to Wall that he enter a guilty plea and the decision to forego a motion to suppress was objectively reasonable.

      Moreover, even assuming the evidence had been suppressed, Wall is unable to demonstrate prejudice. There was significant evidence against Wall. Prior to going to Mr. Wall's home, law enforcement officials discovered that an individual using the screen name "number1killer_2183" sent child pornography to a Yahoo group and that the screen name was utilized by a person named "Wall" using an Internet Service Provider in Schoharie County, New York. In his § 2255 motion, Wall admits that, when the FBI came to his house on December 10, 2003 (and before using any alleged threats or coercion), he admitted that "number1killer" was his e-mail address. See Pet's Decl. at 2 ("Up stairs [sic] the F.B.I. officers asked me if I knew someone who went by "Number - one - killer." I told them it was my E-mail address."). Prior to December 10, 2003, the government had downloaded images of child pornography that had been posted by Mr. Wall from his computer to the Yahoo group. Thus, the government had, in its possession, images posted by Mr. Wall that were not the subject of the December 10, 2003 search.[2] In light of this evidence against Mr. Wall, it cannot be said that the failure to move to suppress the evidence caused prejudice or

---

[2] Of course, Wall admitted the allegations in the written plea agreement.

that it would have changed his decision to enter a guilty plea.  <u>Nersesian</u>, 924 F.2d at 1322.  The Court, therefore, finds that it was not objectively unreasonable for Attorney Long to not file motions to suppress and Petitioner fails to demonstrate prejudice.

        **c.**      **LACK OF JURISDICTION/COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS THE INDICTMENT**

Petitioner claims that the Court lacked subject-matter jurisdiction because the indictment did not name the victims of the crime by listing the file names of the pornographic images.  <u>See</u> Motion to Vacate, at 25.  He alleges that the indictment was not particular enough to permit him to plead Fifth Amendment double jeopardy in a subsequent proceeding.  <u>Id.</u>  Petitioner further asserts that his attorney was ineffective for failing to move to dismiss the indictment on this ground.

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. Pro. 7(c)(1).  The indictment must contain the elements of the offense to inform the defendant of the charge and enable him to pled guilty or not guilty in possible subsequent prosecutions for the same offense.  <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974) (citing <u>Hager v. United States</u>, 285 U.S. 427 (1032); <u>United States v. Debrow</u>, 346 U.S. 374 (1953)); <u>see also</u> <u>United States v. Alfonso</u>, 143 F.3d 772, 776 (2d Cir. 1998) (noting that this principle is well settled).  Indictments meet these requirements if they state the elements of the offense charged and the approximate time and place of the offense.  <u>Alfonso</u>, 143 F.3d at 776.

Here, the indictment meets these pleading requirements by stating the elements of possession of child pornography and the approximate time and place that

Wall allegedly committed this crime. The indictment did not need to list all of the images at issue. The indictment tracks the statute and alleges that Wall

> did knowingly and willfully possess materials that contain images of child pornography that have been mailed, shipped and transported in interstate and foreign commerce, and which were produced using materials which have been so mailed, shipped and transported in that, he knowingly possessed a computer containing visual depictions of actual identifiable minors engaged in sexually explicit conduct.

Indictment, at 1 (Oct. 13, 2006). This offense is said to have occurred "[o]n or between August of 2003 and December, 2003, at or near Cobleskill, New York." Id. Thus, the indictment sufficiently established a Section 2252A(a)(5)(B) offense and the Court's subject-matter jurisdiction. Based on the foregoing, it was not objectively unreasonable for Attorney Long not to move to dismiss the indictment on this ground and Petitioner is unable to demonstrate prejudice resulting from the failure to do so.

### d. PSR ADDENDUM

Petitioner next claims that his counsel did not give him a copy of, and did not discuss, the addendum to the PSR with him. Attorney Long concedes that he did not send Petitioner a copy of the PSR addendum. Affidavit of James E. Long, at ¶ 9. However, nothing in the PSR addendum was substantive. Id. The addendum merely noted that, "On July 19, 2007, the presentence report was disclosed to . . . James E. Long, Defense Counsel . . . . Defense Counsel has not advised of any objections to the factual content . . . contained in the report." Further, Wall had an opportunity before the Court to express an objection as to the PSR, but did not respond. See Sentencing, tr. at 2. Thus, there is no prejudice. Additionally, this issue is not relevant

to whether Petitioner knowingly, voluntarily, and competently entered into the plea agreement, and, therefore, this claim was waived.

### e. ADVICE CONCERNING LIKELY SENTENCE

Petitioner claims that his attorney advised him that, if he pled guilty, he would not receive a term of incarceration but would only be put on probation. Attorney Long denies this assertion. Affidavit of Attorney James Long, at ¶8. This contention is belied by the record evidence before the Court.

First, Petitioner had an opportunity to raise this issue with the Court, but did not:

> THE COURT: "[D]id Mr. Long discuss with you what the potential sentence would be and the consequences of pleading guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand those?
>
> THE DEFENDANT: Yes, I do.
>
> . . . .
>
> THE COURT: Has Mr. Long, Mr. Spina, or any public official, or anyone made any promises to you that you would be treated leniently in exchange for your plea of guilty?
>
> THE DEFENDANT: No.

Change of Plea, March 15, 2007, at 5, 9. Second, both the plea agreement and the PSR informed Petitioner of his possible sentence. The plea agreement noted that "[t]he Defendant has been advised by defense counsel of . . . the nature and range of the possible sentence." Plea Agreement, at 10. The PSR advised Petitioner that his

total offense level was 32, with an Guidelines range of 121 to 151 months. The record clearly reveals that Petitioner was aware of the possible sentence (see Plea Tr. at 13-15; Plea Agr. at 2) and that the was not guaranteed any particular sentence. Plea Tr. at 17; Plea Agr. at 3, 9, 10, 12. Accordingly, there is no factual basis for Petitioner's claim in this regard and, in light of the substantial notice provided to him of his possible sentence, he is unable to demonstrate prejudice.

### f.  **FAILURE TO OBJECT TO PETITIONER'S NOT BEING GIVEN AN OPPORTUNITY TO ADDRESS THE COURT AT SENTENCING**

Petitioner claims that his counsel was ineffective for failing to object to his not being given an opportunity to address the Court at sentencing. This contention, too, is belied by the record evidence. Petitioner was given an opportunity to address the Court at sentencing:

> THE COURT: . . . . [D]id you want to say anything to me, sir, before I sentence you?
>
> THE DEFENDANT: The only thing that I have to say is I know what I've done is wrong and I know I should have some kind of punishment.
>
>  . . . .
>
> THE COURT: Mr. Wall, do you know any reason I shouldn't sentence you?
>
> THE DEFENDANT: No.

Sentencing, at tr. 5. Accordingly, the basis of this claim is without merit and the Court finds that any failure to object was neither objectively unreasonable or prejudicial.

**III.     ACTUAL INNOCENCE**

Petitioner next claims that he is actually innocent of the charged crime. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (citation omitted). To establish actual innocence, Petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id.

Petitioner is unable to satisfy this standard. In addition to the evidence in the government's possession (as set forth above), Petitioner admitted his guilt on several occasions – to the FBI, in his plea agreement, at the plea hearing, and at the sentencing hearing. Petitioner was specifically warned not to plead guilty unless he was, in fact, guilty:

> THE COURT: . . . . I want to warn you to not pled guilty unless you are, in fact, guilty of the charge made against you . . . . Do you still wish to plead guilty?
>
> THE DEFENDANT: Yes, I do.

Change of Plea, March 15, 2007, at 6. Petitioner admitted that he was "a member of 11 or more groups with nude children . . . [and that he] posted and repost about 500 pictures to get membership into the groups." Statement of Robert Wall, Dec. 10, 2003. At sentencing, Petitioner admitted that he knew what he did was wrong. Sentencing tr. at 5; see also Plea Agreement at 4-6.

On June 16, 2008, Petitioner submitted an additional affidavit in an attempt to demonstrate actual innocence. Petitioner included two exhibits: his work records

and "Internet Explorer" history.  Petitioner offers the records for December 9, 2003 to demonstrate that he was not at home at the time that images were downloaded from his computer.  However, Petitioner submits no evidence that he did not post images on August 5, 2003 - a primary date in issue.  <u>See</u> Plea Agreement at 4.  Petitioner has failed to demonstrate actual innocence.

## IV.    FORFEITURE

Petitioner claims that the indictment's forfeiture count is defective because it cites a subdivision of the statute that has been repealed.  Reply at 7.  This argument must be rejected because the repealed provision is not relevant here.  The repealed section, 2253(o), is only relevant in the case that Section 2253(a) – which has not been repealed – does not apply.  Section 2253(a) permits the United States to recover the Petitioner's interest in any property used to commit or promote the commission of the charged offense.  If the United States is not able to recover the specified property, Section 2253(o) allow the government to seek forfeiture of any property up to the value of the property listed under 2253(a).

Here, the property used in the charged offense was Wall's HP Pavilion computer.  The government recovered this property, making Section 2253(o) irrelevant.

## V.    VICTIM IMPACT STATEMENT

Petitioner argues that the Court erred in allowing the victim impact statement to be relevant to sentencing.  Petitioner's Reply, at 8-9.  This claim has already been adjudicated against Petitioner.  Petitioner's attorney raised this objection in his

Sentencing Memorandum.  Sentencing Memorandum, at 2 (Aug. 8, 2007).  In any event, this argument is without merit.  A sentencing court has "largely unlimited" discretion as to the kind of information it may consider in sentencing.  United States v. Eberhard, 525 F.3d 175, 177 (2d Cir. 2008).  Similarly, the sentencing court's discretion is largely unlimited with respect to the source of information it may consider at sentencing.  Id.  Regardless, Petitioner fails to show that consideration of the victim impact statement had any negative impact on the sentencing, much less that it resulted in an unconstitutional or otherwise illegal sentence.  Petitioner received a substantial benefit from his guilty plea and received a sentence that was less than the recommended Guideline range.

## VI.     CRUEL AND UNUSUAL PUNISHMENT

Lastly, Petitioner claims that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.  Petitioner's Reply, at 6.  The Eighth Amendment prohibits only extreme sentences that are grossly disproportionate to the crime.  Ewing v. California, 538 U.S. 11, 23; United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006), cert. denied 127 S.Ct. 285 (2006).  A sentence imposed within statutory limits does not amount to cruel and unusual punishment.  United States v. Dawson, 400 F.2d 194, 200 (2d Cir. 1968), cert. denied 393 U.S. 1023 (1969).  In any event, the Court finds that Petitioner's sentence is neither cruel nor unusual.  The sentence imposed is proportional to the offense and is similar to that imposed to other persons having committed similar offenses.  See United States v. Bennett, 252 F.3d 559, 567 (2d Cir. 2001).

Here, Wall received a sentence below the U.S. Sentencing Commission Guidelines. The Court sentenced Wall to 120 months imprisonment. With a total offense level of 32 and a criminal history category of I, Petitioner could have received a sentence of 121 to 151 months. He also received a sentence within the statutory maximum. Petitioner's 120-month sentence does not constitute cruel and unusual punishment.

For the foregoing reasons, it is hereby:

**ORDERED** that a hearing be held limited to the issue of whether Petitioner timely requested that his attorney file an appeal. The Clerk of the Court shall set a date, on notice to the parties, of the hearing; and it is further

**ORDERED** that the Clerk of the Court appoint counsel for Petitioner in conjunction with the limited evidentiary hearing unless the Court finds that Petitioner is financially ineligible for such appointment, and it is further

**ORDERED** that the Clerk of the Court provide Petitioner with an *in forma pauperis* application (together with a financial affidavit) which Petitioner shall complete, have certified by an appropriate individual at Petitioner's current facility, and promptly file with the Court;

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order upon the parties; and it is further

**ORDERED**, that, with the exception of the claim of ineffective assistance of counsel arising out of the alleged failure to timely file an appeal, all claims in the petitioner pursuant to 28 U.S.C. § 2255 are **DENIED and DISMISSED**. For similar reasons,

Petitioner's Motion for Summary Judgement and Default [dkt nos. 77 and 74] and his motions to dismiss the indictment, for discovery, for a reduced sentence, for an investigator, for a change of venue, for recusal, and for an arrest of judgment [dkt. no. 65] are **DENIED**.

IT IS SO ORDERED.

Dated:August 1, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge